IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
|     Plaintiff | | |
| | * | |
| v. | | CIVIL ACTION NO. JKB-15-3784 |
| | * | |
| ROGER W. TITUS, | * | |
| | | |
|     Defendant | * | |

******

## **MEMORANDUM**

Plaintiff brings this self- represented action against the Honorable Roger W. Titus, United States District Judge. ECF 1. The nature of Plaintiff's claim and the remedy he seeks are unclear. *Id*. Plaintiff appears to be indigent and his Motion for Leave to Proceed in Forma Pauperis shall be granted.

The Court concludes that the Complaint must be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Plaintiff alleges:

Plaintiff is pro se [self represented], non-attorney [attorney's are regulated by ethics rule and State Certification], and non-law school [by no stretch of imagination plaintiff is under color of ethic's rule];

And no lawyer(s), paralegal(s), law student(s), sectary of law firm, or anyone in law industry, directly or indirectly; were involve in preparation of any of Plaintiff's work.

All the work done under Plaintiff's name is done solely by plaintiff's self taught, knowledge, from public domain; as Plaintiff would attest under sworn oath;

These cases court referred are work of lawyers; et al; no case(s) is pro se and non

> attorney et al; inter alia; cases; and via McBoyle v. U.S. (1931); if such is will of Congress, it should be made known far and wide, but Congress had not made known far and wide.
>
> These cases does not apply to plaintiff.
>
> Defendant made error in applying Harlowe et al., resulting tantamount to equitable estoppel.
>
> Conclusion
>
> Man make office, office do not make man.
>
> How each individual interpret extent of their duty and authority and willing to adsorb Office they are vested to, in resoluteness integrity, steeliness, is what makes the office.
>
> This did not occur with Defendant. Defendant made an error.

ECF 1, p. 1-2.

The foregoing is the totality of Plaintiff's Complaint. The Court notes that on December 4, 2015, Judge Titus entered a Memorandum and Order dismissing Plaintiff's Complaint filed against the Supreme Court of the United States of America. *See Yi v. Supreme Court of United States of America*, Civil Action NO. RWT-15-3663 (D. Md.).

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant

may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of Plaintiff's allegations does not compel the conclusion that Judge Titus acted in clear absence of jurisdiction. Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decision reached by Judge Titus, this self-represented litigant has filed the instant complaint. Because immunity precludes Plaintiff's recovery, sua sponte dismissal of the case is appropriate.

A separate Order shall be entered reflecting the ruling set forth herein.


December 15, 2015                              _____/s/_____
Date                                           James K. Bredar
                                               United States District Judge